United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40112
Summary Calendar

RAMIRO GALVAN GARZA,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-587
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Ramiro Galvan Garza (Galvan) appeals the denial of a
petition for habeas corpus under 28 U.S.C. § 2241.  Galvan
challenges a ruling that he is extraditable to Mexico to face a
charge of murder.

     Galvan contends that the evidence did not establish probable
cause that he committed the crime.  An extradition proceeding is
in the nature of a preliminary hearing; the foreign country need
not show actual guilt, but only probable cause.  Escobedo v.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>United States</u>, 623 F.2d 1098, 1102 n.5 (5th Cir. 1980).  The jurisdiction of the committing court and the applicability of the extradition treaty were not at issue; we need only to determine "whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty."  <u>Id.</u> at 1101 (quotation marks omitted).  We need not consider the weight or sufficiency of that evidence.  <u>Id.</u> at 1102.

Although there was no physical identification of Galvan as the shooter, there was eyewitness testimony, by affidavit, that "Ramiro Galvan" had quarreled with the victim and brandished a gun at him a few hours prior to the shooting.  One eyewitness testified by affidavit that he was driving the car from which "Ramiro Galvan" fired the fatal shots.  There was corroborating circumstantial evidence that on the night of the murder, Galvan was in Reynosa, Tamaulipas, Mexico, where the murder occurred. There was also evidence that the accused and the "Ramiro Galvan" mentioned by the witnesses were known to drive a yellow Chevrolet and had a mother named Graciela Garza de Galvan.  We conclude that there is probable cause to extradite Galvan.

Galvan contends that the committing court erroneously refused to admit an affidavit from a private investigator showing that the driver of the shooter's car was unable to identify Galvan as the shooter from a photo line-up.  Evidence contradicting the Government's evidence is not permitted at an extradition hearing, so as to avoid a trial of guilt or

innocence.  See Collins v. Loisel, 259 U.S. 309, 316-17 (1922); Sayne v. Shipley, 418 F.2d 679, 685 (5th Cir. 1969).  Even if the affidavit were admissible as "explanatory" evidence rather than contradictory evidence, Galvan has not shown that the committing court's refusal to consider the affidavit "was so clearly unjustified as to amount to the denial of the hearing prescribed by law" because the affidavit would not have explained away the witness's testimony, but only challenged its credibility.  See Collins, 259 U.S. at 317.

The judgment of the district court is AFFIRMED.

The Government's motion to dismiss the appeal is DENIED.